LEIGH M. CLARK, Retired Circuit Judge.
A jury found appellant guilty of burglary in the second degree. The court fixed his punishment at four years imprisonment and sentenced him accordingly.
The only question raised by appellant is as to the admissibility of his written confession of the crime.
Prior to the admission of the confession in evidence, a lengthy hearing was conducted out of the presence and hearing of the jury, in which Investigator Roger Dale Beam, of the Blount County Sheriff’s Department, and Investigator James Maze, of the Marshall County Sheriff’s Department, testified for the State and defendant testified in his own behalf. If the testimony of defendant is to be believed, his confession was unquestionably involuntary and should not have been admitted in evidence. In all material parts, however, his testimony was disputed by strong, positive testimony by Investigator Beam, which was corroborated substantially by testimony of Investigator Maze.[1]
Defendant testified that his confession was induced by the use of force and threats *416 and by the promise of probation. He said he was arrested about 11:00 o’clock on the morning of January 28, 1977, and escorted to the Blount County Jail, where he arrived about 11:30; he was clothed with a shirt, a pair of pants, and a pair of shoes at the time; the weather was about 6 degrees above zero; he was locked up in a cell by himself; he estimated the temperature of the cell at about 45-50 degrees. He testified he was interrogated by the officers three times that day before supper and twice after supper, the last interrogation that night being about 9:00 or 10:00. According to defendant, he was interviewed the next day about 7:00 A.M. and again about 11:00 A.M., after he had said he would confess. A tape recording was made, in question and answer form, of his confession, which was promptly typed and given to him for him to sign, which he did. The typed document consisted of twenty-four pages, but as it contained references to a burglary not involved in instant case, much of the content was excluded as evidence, and a truncated document was substituted without objection. The twenty-four page statement was signed by defendant, and each page thereof was initialed by him. Defendant testified that he was beaten by two of the officers at the time of the first interview and almost everytime thereafter until he “agreed to make a statement.” He said that he was also “threatened to be shot” and that they threatened “to pour acid on me several times before the statement was made.” He said that they “threatened me with ten years for each case” unless he made a statement but that if he made a statement, “I wouldn’t have but one charge. I would have out-of-State probation.”
Appellant relies heavily, if not entirely, upon O’Tinger v. State, Ala.Cr.App., 342 So.2d 1343 (1977), in support of his contention that his confession was involuntary and should not have been admitted in evidence. A crucial and distinguishing feature of O’Tinger is to be found in the statement therein, “In the present case, the evidence is undisputed that appellant confessed to the crime in return for a pair of boots.” 342 So.2d 1345. In the case under review, there is little dispute, if any, as to the condition of the weather, but the evidence fails to show any claim or contention by defendant that the condition of the weather was a cause, or even a contributing cause, of his confession. Throughout his testimony, both on voir dire interrogation and on the trial in chief, his contention was, as summed up in the conclusion of his testimony, as follows:
“Q You did make this statement admitting you broke into Mr. Brown’s hardware store, didn’t you?
“A Yes, I made that statement after being beaten several times.
“Q After, being beaten?
“A Yes, several times.
“Q You told them how you got into the store, did you not?
“A After it all . we had went over everything that’s in that statement several times before it was ever took on tape or anything.
“Q They told you what to say?
“A More or less.
“Q And you just did what they told you to because you were beaten, promised, and threatened?
“A Right.”
If any substantial part of the testimony of defendant in support of his contention had been without dispute, we would have no hesitancy in holding that his confession was involuntary and inadmissible, but in every material respect his testimony was positively contradicted by that of Officer Beam. There is no basis for a reconciliation between the testimony of the one and the testimony of the other. There is no room for a finding that one or the other was mistaken. One of the two was telling the truth, and the other was testifying falsely. The trial judge listened and looked patiently and concluded that the confession was voluntarily made. We should, and must, give his conclusion great weight. It is supported by strong and substantial evidence, and we cannot find that it is contrary to the great weight of the evidence or that it is *417 manifestly wrong. Under all of the circumstances, the trial court was acting well within its province, and its admission in evidence of the confession should not be disturbed. Fewell v. State, 259 Ala. 401, 66 So.2d 771 (1953); Stewart v. State, 49 Ala. App. 681, 275 So.2d 360 (1973); Balentine v. State, Ala.Cr.App., 339 So.2d 1063, cert. denied, Ala., 339 So.2d 1070 (1976).
The verdict is amply supported by the evidence, and the record discloses no error prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment below is hére-by
AFFIRMED.
All the Judges concur.

. In evidence before the jury, defendant presented testimony of Anthony Jones, a fellow prisoner of appellant in the Blount County Jail at the time of the confession, who corroborated defendant as to the involuntariness of his confession. In rebuttal, the State presented the testimony of Waymon Brown, as well as Beam and Maze, who to some extent discounted the credibility of the claim of defendant as to the involuntary nature of his confession.